CLARENCE S. VOORHEIS & others, trustees, *vs.* NATIONAL
SHAWMUT BANK.

Suffolk.    March 9, 1914. — May 23, 1914.

Present: RUGG, C. J., LORING, BRALEY, SHELDON, & CROSBY, JJ.

*Bankruptcy*, Unlawful preference.

In an action of tort by the trustee in bankruptcy of a firm of building contractors
against a bank to recover an alleged unlawful preference under the bankruptcy
act of 1898, § 60 a, as amended in 1903 and 1910, it appeared that the defendant
had lent sums of money to the firm, that a note of the firm for $5,000 which was
held by the defendant was coming due and that the firm wished to renew it for
four months, that the defendant was not willing to do this and took the firm's
demand note for the amount due with the understanding that it should be paid in
two, three or four days, and that it was paid in nine days. Fifteen days after
this payment the firm filed a voluntary petition in bankruptcy. When the
payment was made the defendant had been informed that the firm was doing a
good business and had pending contracts that would yield a large profit. The
only matter that had come to the knowledge of the defendant that might war-
rant even a suspicion as to the financial standing of the firm was that one of
the defendant's officers noticed in a newspaper that the firm had "some labor
troubles" in connection with a contract that they had for work upon a hotel.
The firm had deposited in its account with the defendant $7,000 in the two
weeks previous to the payment, $25,000 in the month before, and $16,000 and
$27,000 respectively in the two months before that. The defendant's other
loans to the firm had been made for short terms and had been paid promptly.
*Held*, that there was no evidence of an unlawful preference and that a verdict
should be ordered for the defendant.

TORT by the trustees in bankruptcy of the L. W. Taylor Com-
pany, a partnership, consisting of Leonard W. Taylor and John
H. Barnes engaged in the business of building contractors, to re-
cover the amount of an alleged unlawful preference under the
bankruptcy act of 1898, § 60'a, as amended in 1903 and 1910.
Writ dated September 5, 1912.

In the Superior Court the case was tried before *Lawton*, J., who
at the close of the plaintiffs' evidence, which is described in the
opinion, ruled that the plaintiffs were not entitled to recover and
ordered a verdict for the defendant. The plaintiffs alleged ex-
ceptions.

*J. B. Jacobs*, for the plaintiffs.

*L. A. Ford*, (*F. W. Bacon* with him,) for the defendant.

SHELDON. J.   This case is here upon the plaintiffs' exceptions to the ruling made at the trial that upon the declaration and evidence the plaintiffs were not entitled to recover.   In our opinion the ruling was right.   We cannot find in the record evidence to warrant a finding that the defendant had reasonable cause to believe that the L. W. Taylor Company (hereinafter called the company) was insolvent when the payment was made to it by that company, or that it had such cause to believe that the payment would effect a preference to it over other creditors of the company.

The defendant, on the recommendation of one Fuller, had lent to the company (among other sums) the sum of $5,000.   The company's note for this came due on June 5, 1912, and the company desired it renewed for another term of four months.   The defendant was not willing to do this, and took the company's demand note for the amount, with the understanding that it was to be paid in two or three or four days.   It was paid on June 14, partly by the company's own check and partly by a draft drawn by the company on a third party.   The defendant had been informed that the company was doing a good business, and had pending contracts which should yield a large profit.   Nothing seems to have come to the knowledge of the defendant to warrant even a suspicion as to the financial standing of the company, except that one of its officers had casually noticed in a newspaper that the company had "some labor troubles" in connection with a contract that it had for work upon a hotel; but apparently no one regarded this as a circumstance of any importance.   The company kept an account with the defendant, and deposited with it in 1912, $27,000 in March, $16,000 in April, $25,000 in May, and more than $7,000 in the first fourteen days of June.   On June 29, 1912, the company filed a voluntary petition in bankruptcy.

The defendant's conduct did not indicate a distrust of the company's solvency.   Its other loans to the company had been made for short terms and had been paid promptly.   It did not suddenly withdraw from the company what had been understood to be a permanent line of credit.   It merely adhered to the understanding upon which its loan had been made.   The company's lack of ready funds to take up the note coming due on

June 5 was not, under the circumstances here disclosed, evidence of insolvency such as to give the defendant the reasonable cause of belief required by the national bankruptcy act, § 60 a, b.

The verdict for the defendant rightly was ordered.

*Exceptions overruled.*